IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CATHERINE V. STRANEN | ) | |
| and MERCANTILE NATIONAL BANK | ) | |
| OF INDIANA, as Trustee | ) | |
| Under Trust No. 6720-LT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | NO. 3:13-CV-005 |
| | ) | |
| RONALD STRUBLE and | ) | |
| JOSHUA GODDARD d/b/a | ) | |
| COWBOYS EXCAVATING, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court *sua sponte* on the Notice of Removal, filed by defendant Joshua Goddard, d/b/a Cowboys Excavating, on January 3, 2013. (DE #2.) For the reasons set forth below, this Court **ORDERS** defendant Joshua Goddard, d/b/a Cowboys Excavating, to submit an amended Notice of Removal, along with a brief and/or any documents necessary, stating with precision the basis for the assertion of diversity jurisdiction. The amended Notice of Removal must be filed no later than **January 24, 2013**, or the Court may *sua sponte* issue a remand to the Porter Superior Court for lack of subject matter jurisdiction.

BACKGROUND

On November 13, 2013, Catherine V. Stranen ("Plaintiff Stranen") and Mercantile National Bank of Indiana, as Trustee Under Trust No. 6720-LT ("Mercantile National Bank") (collectively, "Plaintiffs"), filed a Complaint in the Porter County Superior Court (64D02-1211-CT-11500). (DE #1.) The Complaint alleges that defendant Ronald Struble ("Defendant Struble") owns property adjacent to Plaintiffs' real estate and that, in September of 2011, defendant Joshua Goddard, d/b/a Cowboys Excavating ("Defendant Goddard"), "trespassed upon Plaintiffs' Real Estate, destroyed, removed, and/or converted numerous trees and lumber" while "working as an agent for and/or with the consent and authority" of Defendant Struble. (*Id.* at 2.) The Complaint further alleges that Plaintiff Stranen is a "resident" of Chicago, Illinois and that Plaintiffs own real estate in Starke County, Indiana. (*Id.* at 1.) The Complaint lists Defendant Struble as a "resident" of Hebron, Indiana and Defendant Goddard as a "resident" of Rensselaer, Indiana. (*Id.*)

On January 3, 2013, a Notice of Removal was filed by Defendant Goddard via his counsel. (DE #2.) In that Notice, Defendant Goddard states that he was served with Summons on or about November

13, 2013.[1]  (*Id*. at 2.)  He further declares that "Plaintiff is a resident of Chicago, Illinois," that "Defendant Struble is an Indiana resident," and that "Defendant Goddard is an Indiana resident of Rensselaer, Indiana."  (*Id*.)  He does not reference the citizenship of the additional named plaintiff Mercantile National Bank.  However, Plaintiff Goddard does state that the amount in controversy is in excess of $75,000.  (*Id*.)  It is on these bases that Defendant Goddard states that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

DISCUSSION

A case may be removed from state court to federal court if it is based on statutorily permissible grounds and if it is timely. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). *See* 28 U.S.C. § 1441; 28 U.S.C. § 1446.  The Seventh Circuit has directed that, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.  Any doubt regarding jurisdiction should be resolved in favor of the states, and the burden of establishing federal jurisdiction falls on the party seeking removal."  *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (citations

---

[1]  Defendant Goddard states that the Notice is "being filed within thirty (30) days after receipt by Defendant Goddard through service or otherwise, of a copy of a pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable in accordance with 28 U.S.C. § 1446(b)(3), and is therefore timely." (DE #2, pp. 2-3.)

omitted). The party seeking removal must demonstrate that removal is proper. *Boyd*, 366 at 529. "[I]t is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). When challenged, the party seeking federal jurisdiction bears the burden of proving by a preponderance of the evidence that a case belongs in federal court. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006). Even where not challenged by a party, "federal courts are always obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Products Co.*, 211 F.3d 445, 447 (7th Cir. 2000) (quotation marks and citation omitted). See also *Smith v. American General Life and Acc. Ins. Co., Inc.*, 337 F.3d 888, 892 (7th Cir. 2003) (A court has an "independent obligation" to ensure that federal subject matter jurisdiction exists.)

Subject-matter Jurisdiction

Defendant Goddard removed this case from state court based on diversity jurisdiction. 28 U.S.C. § 1332. For diversity jurisdiction to exist, the parties are required to have diverse citizenship and the matter in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a). Diversity of citizenship must be properly alleged. *See Tylka*, 211 F.3d at 447-48. "In

federal law citizenship means domicile, not residence." *America's Best Inns, Inc. v. Best Inns of Abilene*, L.P., 980 F.2d 1072, 1074 (7th Cir. 1992)(*citing Gilbert v. David*, 235 U.S. 561 (1915)). "[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). See also *Tylka*, 211 F.3d at 448 (Allegations of residency are insufficient to establish diversity jurisdiction because the terms citizenship or domicile are not synonymous with residence.)

In this case, both the Complaint and the Notice of Removal are silent as to the citizenship of any party. The Notice of Removal describes Plaintiff Stranen as a resident of Illinois and Defendants Struble and Goddard as residents of Indiana. This is insufficient to establish diversity jurisdiction. Furthermore, neither the Complaint nor the Notice of Removal shed any light on the citizenship or status of Mercantile National Bank, a named party in this action. As such, the Notice of Removal is defective, and Defendant Goddard must amend his Notice of Removal to adequately establish the citizenship of all named parties before the Court can determine whether subject-matter jurisdiction is

proper.[2] See *Heinen*, 671 F.3d at 670; 28 U.S.C. § 1653 (defective allegations of jurisdiction may be amended upon terms). Defendant Goddard must file the amended Notice of Removal no later than **January 24, 2013**, or the Court may *sua sponte* issue a remand to the Porter Superior Court for lack of subject matter jurisdiction.

Procedural Considerations

Even if diversity jurisdiction can be adequately established, the Seventh Circuit has advised that not every case may be properly removed. See *Hurley v. Motor Coach Industries, Inc.*, 222 F.3d 377, 378 (2000). For example, pursuant to the "forum defendant" rule, a diversity action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). In other words, a "home-state defendant" is technically incorrect in requesting removal because "[t]he primary purpose behind removal in diversity cases is to allow an out-of-state defendant to avoid potential bias when appearing in the plaintiff's chosen forum." *Assaf, M.D. v. Trinity Medical Center*, 696 F.3d 681, 684-85 (7th Cir. 2012). This type of removal error, however, is procedural rather than jurisdictional and may be waived

---

[2] The Court notes that allegations of federal subject matter jurisdiction should be made on personal knowledge, not on the basis of information and belief; furthermore, only affidavits made on personal knowledge have any value. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *see also Yount v. Shashek*, 472 F.Supp.2d 1055, 1058, n. 1 (S.D.Ill. 2006).

by a plaintiff if a motion to remand is not filed within 30 days after the filing of the original notice of removal. *Id*. at 685; see also 28 U.S.C. 1447(c).

Additionally, a suit in which multiple defendants are named "may not be removed unless all the defendants consent to removal." *Save-A-Life Foundation, Inc. v. Heimlich*, 601 F.Supp.2d 1005, 1007 (N.D. Ill. 2009) (citing *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998)). "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. 1446(b)(2)(A). This type of defect in the removal process is also non-jurisdictional, and a plaintiff's objection must be raised within 30 days or is forfeited. *McMahon*, 150 F.3d at 653.

Finally, a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). If the case is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which or has become removable." 28 U.S.C. § 1446(b)(3). Although the 30 day time limits in section 1446(b) are not jurisdictional, they are mandatory and strictly applied rules of procedure. *Northern*

*Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 273 (7th Cir. 1982).

The procedural considerations described above have given the Court pause upon its initial review of the Notice of Removal. It appears as though Defendant Goddard is a "home-state defendant" and will not be entitled to removal if Plaintiffs object and file a timely motion to remand. It is also not clear from the record provided whether Defendant Struble has been properly served in this case, and, if so, whether he consents to the removal of the action. Furthermore, questions remain regarding the timing of the filing of the Notice; Defendant Goddard has not provided any information related to a pleading, motion, order or other paper which made the removability of this case first ascertainable.[3]

That said, because these types of errors are non-jurisdictional, the Court will not rule on such concerns *sua sponte*. Instead, should Plaintiffs choose to timely file a motion to remand pursuant to 28 U.S.C. 1447(c), the Court will address the arguments raised upon receipt of such motion.

CONCLUSION

For the reasons set forth above, this Court **ORDERS** defendant Joshua Goddard, d/b/a Cowboys Excavating, to submit an amended Notice of Removal, along with a brief and/or any documents

---

[3] Defendant Goddard asserts that he was served with summons on or about November 13, 2012; the Notice of Removal was filed with this Court approximately 50 days later. (DE #2.)

necessary, stating with precision the basis for the assertion of diversity jurisdiction.  The amended Notice of Removal must be filed no later than **January 24, 2013**, or the Court may *sua sponte* issue a remand to the Porter Superior Court for lack of subject matter jurisdiction.

**DATED: January 17, 2013**             /s/RUDY LOZANO, Judge
                                        **United States District Court**